**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ADAM R. T.,

                                        **Plaintiff,**

            v.                                              **5:21-CV-1170**
                                                              **(FJS/ATB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**
_____

**APPEARANCES**                      **OF COUNSEL**

**OLINSKY LAW GROUP**                **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **KRISTINA D. COHN, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**    **MICHAEL L. HENRY, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION[1]

Plaintiff Adam R. T. brought this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g) (the "Act"), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner"), denying his application for benefits. _See generally_ Dkt. Nos. 1,

---

[1] References to page numbers in documents in the Administrative Record are to the bate stamp numbers located in the bottom right hand corner of those pages. References to page numbers in all other documents on the docket are to the page numbers that the Court's CM/ECF system generates, which are located in the top right hand corner of those pages.

11.  The parties did not consent to the disposition of this case by a Magistrate Judge.  *See* Dkt. No. 7.  Therefore, the Court referred this case to Magistrate Judge Baxter for a report-recommendation.  After reviewing the parties' briefs, *see* Dkt. Nos. 11, 14, and the Administrative Record ("AR"), *see* Dkt. No. 8, Magistrate Judge Baxter issued a Report-Recommendation, in which he recommended that the Court affirm the decision of the Commissioner and dismiss Plaintiff's complaint in its entirety.  *See* Dkt. No. 16 at 19.  Plaintiff filed an objection to Magistrate Judge Baxter's recommendations.  *See* Dkt. No. 17.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'"  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (quotation omitted).  Properly raised objections "must be specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted).  A court reviews for clear error findings and recommendations as to which there are no properly preserved objections.  *See id.*  Likewise, to the extent that a party asserts "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments'" set forth in the original submissions, the Court reviews them only for clear error.  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted).

### III. DISCUSSION

In his objection, Plaintiff argues that Administrative Law Judge John Ramos (the "ALJ")'s RFC determination was unsupported by substantial evidence because he committed legal error in his evaluation of Dr. Hansen's opinion. *See generally* Dkt. No. 17. Specifically, Plaintiff asserts that "[t]he issue is whether the ALJ properly *explained* his basis for accepting the opinion at issue and provided a *proper* rationale, supported by *relevant* and probative evidence, in the manner mandated by the *regulations*." *See id.* at 1. Plaintiff asserts that Magistrate Judge Baxter "incorrectly concluded that the ALJ's mere recitation of the medical evidence elsewhere in the decision, absent any discussion of how that evidence supported the opinion, satisfie[d] the regulations' articulation requirements." *See id.* (citing Dkt. No. 16 at 16-17). Therefore, he contends that the Court should reject Magistrate Judge Baxter's conclusion. *See id.*

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and 'other factors'" 20 C.F.R. § 416.920c(a)-(c); 20 C.F.R. § 404.1520c(a)-(c). The ALJ is required to "articulate how he considered the medical opinions" and "how persuasive he find[s] all of the medical opinions." 20 C.F.R. § 416.920c(a), (b)(1); 20 C.F.R. § 404.1520c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(b)(2).

With regard to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1); 20 C.F.R. § 404.1520c(c)(1). The regulations provide that, with regard to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2); 20 C.F.R. § 1520c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 1520c(b)(2).

Additionally, courts in this District and within the Second Circuit have repeatedly held that an ALJ is "not required to discuss every piece of evidence in order to show that it had been considered, nor does the ALJ's failure to provide a more detailed discussion of the evidence prevent meaningful review of his findings[.]" *Sharon A.H. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1014 (BKS/DEP), 2022 WL 3141718, *7 (N.D.N.Y. Apr. 22, 2022) (Peebles, M.J.) (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (noting that "an ALJ is not required to discuss every piece of evidence submitted," and that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"), *adopted by* 2022 WL 2865971 (N.D.N.Y. July 21, 2022) (Sannes, J.); *LaRock ex rel. M.K. v. Astrue*, No. 10-CV-1019 (NAM/VEB), 2011 WL 1882292, *6 (N.D.N.Y. Apr. 29, 2011) (Bianchini, M.J.) (discussing that "there is no obligation for the ALJ to discuss every piece of evidence contained in the record, so long [as] 'the evidence of record permits [the Court] to glean the rationale of an ALJ's decision'" (quotation omitted)), *adopted by* 2011 WL 1883045 (N.D.N.Y. May 17, 2011) (Mordue, C.J.).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record constitutes procedural error.  *See Estrella v. Barryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *2 (2d Cir. June 17, 2022) (summary order) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record").  However, "if '"a searching review of the record" assures [the court] "that the substance of the [regulation] was not traversed,"'" the court may affirm the Commissioner's decision.  *Loucks*, 2022 WL 2189293, at *2 (quoting *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004))).  Furthermore, the *Loucks*' court stated that an ALJ's procedural error in failing to explain how he "considered the supportability and consistency of medical opinions in the record" does not necessarily preclude the court from affirming the Commissioner's decision.  *Loucks*, 2022 WL 2189293, at *2 (quoting *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004))).  As the court explained recently in *John L. M. v. Kijakazi*, No. 5:21-cv-368 (BKS/TWD), 2022 WL 3500187 (N.D.N.Y. Aug. 18, 2022) (Sannes, J.), "in *Loucks*, the Court recited the well-settled principle that '[d]espite [an] ALJ's procedural error,' a reviewing court can affirm if 'a searching review of the record assures [the court] that the substance of the [regulations] was not traversed.'"  *Id.* at *2 (quoting [*Loucks*], 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829 (quoting *Estrella*, 925 F.3d at 96)).  "Thus, . . . [a reviewing court] may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole."  *Id.* (citing *Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151 (W.D.N.Y. June 27, 2022) ("[I]nsofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the

[regulation] was not traversed.'" (first quoting *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-cv-1056, 2022 WL 446462, at \*5 n.5, 2022 U.S. Dist. LEXIS 26451 (W.D.N.Y. Feb. 14, 2022); and then quoting *Loucks*, 2022 WL 2189293, at \*2, 2022 U.S. App. LEXIS 16829)); (citing *Mongueur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." (citation omitted)).  Thus, although remand may be appropriate in many circumstances when the ALJ commits a procedural error, procedural error alone does not require remand as a matter of law. *See id.*

In his objection, Plaintiff states that "the applicable regulations *require* the ALJ to ""'explain how [he or she] considered the supportability and consistency factors" for a medical opinion.'"  *See* Dkt. No. 17 at 2 (quoting Dkt. No. 16 at 10 (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2))).  Plaintiff argues that the ALJ's finding that Dr. Hansen's opinion was persuasive and "'supported by the overall medical record'" was "legally insufficient, as the ALJ did not address the opinion's supportability or explain how the opinion was consistent with the record, except to simply conclude that it was." *See id.* at 2 (citing *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 218923, at \*2 (2d Cir. June 17, 2022); *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at \*8 (N.D.N.Y. Feb. 22, 2021) (the ALJ must point to specific evidence in the record to support his findings)).  Furthermore, Plaintiff argues that the Court "should reject the recommended finding that the ALJ's determination was supported by substantial evidence, because where the ALJ legally errs by failing to comply with

the regulations, his decision is necessarily 'not supported by substantial evidence.'" *See id.* (quoting *Colgan v. Kijakazi*, 22 F.4th 353, 360 (2d Cir. 2022)).

Finally, Plaintiff contends that Magistrate Judge Baxter's conclusion that, even if the ALJ did commit error, the error was harmless, is unsupported, noting that "this Court recently held, when an ALJ errs in evaluating a medical opinion, by failing to follow the applicable regulations, that error necessarily influences the evaluation of Plaintiff's RFC and the outcome of the claim." *See id.* (citing *Kathleen M. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1040 (TWD), 2022 WL 92467 (N.D.N.Y. Jan. 10, 2022) ("Remand is accordingly warranted")).[2] Plaintiff asserts that the ALJ relied solely on Dr. Hansen's opinion in crafting the RFC, as there was no other functional limitations opinions from any other medical source in the record." *See id.* at 3 (citing T. 22). Finally, Plaintiff argues that, "[c]learly, the ALJ's legal error affected the outcome of this case, as Plaintiff was found not disabled based upon the RFC proposed by Dr. Hansen [and, therefore,] [t]he ALJ's error in this case warrants remand as a matter of law." *See id.*

In his decision, the ALJ stated that he had "fully considered the medical opinions and prior administrative medical findings[.]" *See* AR at 22,  Specifically, he reviewed the records of Plaintiff's neurologist, Tea Shergelashvili, MD, who did not provide an opinion statement. *See id.* However, in her provider notes, dated August 3, 2020, she stated that Plaintiff "should follow seizure safety precautions, including no driving, no climbing heights, no use of heavy machinery, and no bathing or swimming unsupervised (7F/37)." *See id.* Furthermore, Dr. Shergelashvili had noted in December 2020, that, "given the change in medications, [Plaintiff] should not yet

---

[2] The court in *Kathleen M.*, actually held that, "[a]bsent a more specific explanation of the ALJ's analysis, this Court cannot meaningfully review whether it is supported by substantial evidence" and, therefore remand was appropriate." *Kathleen M.*, 2022 WL 92467, *10 (N.D.N.Y. Jan. 10, 2022).

resume driving. (12F/2)" *See id.* The ALJ found that "[t]hese assessments, by a treating

specialist, [were] generally consistent with the record, and [were], therefore, persuasive, and

these limitations [had] been included in the residual functional capacity[.]" *See id.*

The ALJ also noted that, similarly, "State agency consultants K. Gallagher, MD and

Julianne Randall, MD, opined that [Plaintiff] should avoid all exposure to hazards (1S/5, 3A/10)

[and that he found that] [t]hese opinions [were] also persuasive, insofar as they [were] consistent

with both the medical evidence of record, as well as the opinion of [P]laintiff's treating specialist;

however, based on [Plaintiff's] testimony, as well as the opinion of the medical expert, Dr.

Hansen, [Plaintiff] ha[d] additional limitations due to his severe impairments." *See id.*

With regard to medical expert Jeffrey Hansen, MD, the ALJ noted that Dr. Hansen

> testified that [Plaintiff's] limitations are to light work, but he
> should not be exposed to heights, moving machinery or hazards
> and he should not drive at this point; he should avoid exposure to
> extremely warm temperatures, and not lift more than 20 lb. or even
> more than 10 lb. frequently and his ability to handle, [f]inger or
> feel would be limited to 1/2 . . . of a work day.

*See id.* (citing Hearing).

The ALJ found Dr. Hansen's testimony persuasive, noting that Dr. Hansen's "medical training

and experience [were] sufficient to allow him to testify on the issues, and in fact it [was] clear

from his testimony that he [had] conducted a thorough review of the medical evidence and gave

credible and consistent testimony which [was] supported by the overall medical record." *See id.*

Therefore, the ALJ "adopt[ed] [Dr. Hansen's] testimony and [found] that further evaluation, by

another medical expert, [was] not necessary and no opinion of [Plaintiff's] treating neurologist,

or any other current care provider, [had] been provided, except [what the ALJ had discussed]."

*See id.* In conclusion, the ALJ found that the Plaintiff had

> the residual functional capacity to perform light work as defined in
> 20 CFR 404.1567(b).  [Plaintiff] can sit, stand and walk six hours
> in an eight hour day and can frequently lift or carry up to ten
> pounds.  He should avoid working at unprotected heights, exposure
> to dangerous machinery, operation of motor vehicle, and extremely
> warm temperatures, and cannot repetitively move from sitting to
> standing.  He can occasionally handle, finger or feel bilaterally.

*See id.* at 20.

Finally, the ALJ explained that this residual functional capacity assessment was "supported by the clinical findings of [Plaintiff's] treating providers, the [Plaintiff's] treatment history, and [Plaintiff's] reported activities of daily living, as well as the opinions of Dr. Hansen, Dr. Bhutwala and Dr. Juriga, and to a lesser extent by the opinions of . . . Dr. Shergelashvilli, Dr. Gallagher and Dr. Randall."  *See id.* at 22-23.

The Court concludes, as Magistrate Judge Baxter did, that "the ALJ engaged in a thorough discussion of the record evidence" in the pages immediately preceding his discussion of Dr. Hansen's opinion.  *See* AR at 21-22.  Furthermore, as the Court stated in *Jeanette J. v. Saul*, 6:19-CV-0795 (ML), 2020 WL 4932047 (N.D.N.Y. Aug. 24, 2020), the ALJ's "explanation must be viewed against the backdrop of the discussion of the treating records that preceded it" and it is therefore "proper to read the ALJ's decision as a whole" to avoid the "needless formality to have the ALJ repeat substantially similar factual analyses."  *Id.* at *5.  Finally, as in *Jeanette J.*, the Court concludes that the discussion of the treating records "as a whole [was] not so obscure as to make the judicial review contemplated by the Social Security Act a perfunctory process."  *Id.* (citations omitted).

The Court likewise agrees with Magistrate Judge Baxter that, although "the ALJ could have expressed his findings more clearly by specifically noting that Dr. Hansen's restrictions concerning use of heavy machinery, exposure to heights, and driving were consistent with

treating neurologist Dr. Shergelashvilli's restrictions (T. 22, 95, 542), the ALJ still showed he [had] considered the consistency factor by noting Dr. Hansen's testimony [was] consistent with the overall record.  (T. 22)."  *See* Dkt. No. 16 at 17.

The Court concludes that, even if, as Plaintiff argues, the ALJ committed procedural error, reading the ALJ's decision as a whole, the Court can glean the ALJ's consideration of the consistency and supportability of Dr. Hansen's opinion from his analysis of the medical findings of Drs. Shergelashvilli, Gallagher and Randall, which immediately preceded his discussion of Dr. Hansen's testimony and the reasons he found that testimony persuasive.  *See* AR at 22-23.

For example, as noted above, Dr. Hansen testified that Plaintiff was limited to light work but should not be exposed to heights, moving machinery or hazards, and should not drive at this point.  This testimony is consistent with the notes of Plaintiff's neurologist, Dr. Shergelashvilli in which she stated that Plaintiff should not drive at this point, climb heights, or use heavy machinery.  *See* AR at 22 (citing Dr. Shergelashvilli's notes at 7F/37, 12F/2).  Likewise, Dr. Hansen's testimony that Plaintiff should avoid hazards is consistent with the opinions of Dr. Gallagher and Dr. Randall.  *See* AR at 22 (citing Dr. Gallagher's and Dr. Randall's opinions at 1S/5, 3A/10).  The ALJ discussed all of these opinions immediately proceeding his discussion of Dr. Hansen's testimony and why he found that testimony persuasive.  Reading the ALJ's decision as a whole, and given that the ALJ's discussion of the medical evidence in the record immediately preceded his discussion of Dr. Hansen's testimony, which he found was "supported by the overall medical record," there was no need for the ALJ to repeat his analysis of Drs. Shergelashvilli's, Gallagher's and Randall's opinions for a second time.

Furthermore, having reviewed the ALJ's decision as a whole, the Court can easily glean how the ALJ weighed the consistency and supportability factors of Dr. Hansen's expert

testimony.  Therefore, even if, as Plaintiff argues, the ALJ committed a procedural error, the Court finds that any such error was harmless as the substance of the regulation was not traversed and therefore remand is not required.  *See John L.M. v. Kijakazi*, No. 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, *3 (N.D.N.Y. Aug. 18, 2022); *Ricky L. v. Comm'r of Soc. Sec.*, No. 20-cv-7102-FPG, 2022 WL 2306965, *4 (W.D.N.Y. June 27, 2022) (stating that "insofar as the Court can 'glean' how the ALJ weighed the consistency and supportability factors of Dr. Sandler's opinion, . . . the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed'" (internal quotations omitted)).

## IV. CONCLUSION

Accordingly, after a *de novo* review of the record, the Court hereby

**ORDERS** that Magistrate Judge Baxter's January 3, 2023 Report-Recommendation, *see* Dkt. No. 16, is **ADOPTED in its entirety for the reasons stated therein and in this Memorandum-Decision and Order**; and the Court further

**ORDERS** that Defendant's decision, *see* Dkt. No. 8, AR at 14-24, is **AFFIRMED** and her motion for judgment on the pleadings, *see* Dkt. No. 14, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: February 6, 2023
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge